ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JORGE IVÁN RODRÍGUEZ APONTE/FISHITO FILM, CORP.<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO DE PUERTO RICO (DDEC)<br><br>Parte Recurrida | KLRA202300639 | *Revisión Administrativa* procedente del Departamento de Desarrollo Económico y Comercio (DDEC)<br><br>Sobre:<br><br>Revisión de Resolución emitida por el Departamento de Desarrollo Económico y Comercio (DDEC) y de su Programa de Cine |

Panel integrado por su presidente, el juez Salgado Schwarz, la Juez Barresi Ramos y la Jueza Rivera Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a  12  de febrero de 2024.

Comparece la parte recurrente, Jorge Iván Rodríguez Aponte/Fishito Film, Corp. (en adelante, parte recurrente o Fishito Film) y nos solicita la revisión y revocación de la *Determinación Final* del 6 de octubre de 2023, la cual fue notificada mediante correo electrónico el mismo día por el Departamento de Desarrollo Económico y Comercio de Puerto Rico (en adelante, la parte recurrida o el DDEC) y su programa de Cine.[2] Mediante dicho dictamen, se le comunicó a la parte recurrente que la Comisión de Cine de Puerto Rico estaba denegando el "cash grant" solicitado para su proyecto *Forever Alone,* al amparo de la "American Rescue Plan Act, Public Law 117-2 ("ARPA")" basado en la discreción del DDEC.[3]

---

[1] De conformidad con la Orden Administrativa OATA-2023-111 de 27 de junio de 2023.
[2] Anejo 7 del *Recurso de Revisión Administrativa*, págs. 173-174.
[3] *Íd.*

Por los fundamentos que expondremos, confirmamos el dictamen recurrido del DDEC y su Programa de Cine.

## I

El 17 de marzo de 2023, Fishito Film presentó mediante correo electrónico ante el DDEC una solicitud de fondos ARPA para su proyecto fílmico titulado *Forever Alone.*[4] Luego de varios intercambios de correos electrónicos entre las partes, se pautó una llamada virtual para el 28 de marzo de 2023 a las 11:00 a.m.[5] El mismo día de la reunión virtual, la parte recurrida le envió a Fishito Film un correo electrónico con la solicitud al Programa "Cash Grant", el borrador del contrato y un listado de documentos que debía someter para propósitos de la contratación y le concedió un término de treinta (30) días para la presentación de los documentos.[6]

Así las cosas, el 29 de marzo de 2023, Fishito Film envió un correo electrónico a DDEC sometiendo el contrato cumplimentado, la documentación requerida, así como los documentos corporativos, declaraciones juradas, entre otros.[7]

El 3 de abril de 2023, la parte recurrente envió correo electrónico a la parte recurrida, solicitando confirmación de recibo de la documentación remitida.[8] Al no recibir una respuesta, el 25 de abril de 2023, Fishito Film envió una comunicación vía correo electrónico a DDEC para darle seguimiento a su solicitud.[9] Ese mismo día, el DDEC le contestó que estarían comunicándose con el recurrente tan pronto el Comité hiciera su evaluación.[10]

---

[4] Anejo 1 del *Recurso de Revisión Administrativa,* págs. 1-3.
[5] *Íd.*
[6] *Íd.* en las págs. 3-23.
[7] *Íd.* en las págs. 33-108.
[8] *Íd.* en la pág.109.
[9] *Íd.*
[10] *Íd.*

Posteriormente, el 4 de mayo de 2023, la parte aquí recurrente envió una segunda comunicación al DDEC de seguimiento.[11]

Así las cosas, el 10 de mayo de 2023, el DDEC le solicitó a Fishito Film dos (2) documentos que faltaban, el "Shooting Schedule" y el "Financing Plan".[12] Ese mismo día, la parte aquí recurrente cumplió con el envío de los documentos solicitados.[13]

El 16 de mayo de 2023, el DDEC notificó su determinación y dispuso lo siguiente:

> We appreciate your interest in the Motion Picture and Video Industry in Puerto Rico Program. After consideration, the Puerto Rico Film Commission has determined not to move forward with the Film Project for a cash grant on behalf of the Department of Economic Development and Commerce through the *American Rescue Plan Act, Public Law 117-2* ("ARP") pursuant to the DDEC's discretion.
>
> **Please be aware that, as stated in the Program's Guidelines, this determination is considered final. Should an applicant disagree with a determination, the applicant can resort to an Administrative Appeal before the Court of Appeals in Puerto Rico within thirty (30) days from the date the determination became final. (Énfasis suplido).[14]**

Ese mismo día, Fishito Film envió correo electrónico al DDEC solicitándole información específica sobre la determinación adversa informada de no aprobar el proyecto, debido a que entendía que había cumplido con todos los requisitos y los documentos solicitados, así como con todos los parámetros establecidos por la agencia incluyendo el dinero de inversión privada.[15]

El 17 de mayo de 2023, el DDEC contestó el correo electrónico y le informó a la parte recurrente que, aunque muchos proyectos **"cumplieron con los requisitos básicos establecidos en las Guías, lo cierto es que todos tenían que contar con la aprobación de un comité evaluador, donde cada miembro ejerce su propio criterio**

---

[11] *Íd.*
[12] Anejo 2 del *Recurso de Revisión Administrativa*, pág. 112.
[13] *Íd.*
[14] Anejo 3 del *Recurso de Revisión Administrativa*, pág. 141.
[15] *Íd.* pág. 142.

**discrecional para determinar la prioridad y el valor que le asigna al proyecto**".[16]

Inconforme con la determinación del DDEC, el 8 de junio de 2023, les cursó un correo electrónico en el cual incluyó una misiva solicitando la reevaluación de asignación de fondos para el proyecto *Forever Alone*.[17] El 15 de junio de 2023, sin haber recibido respuesta por parte de DDEC la parte recurrente, acudió ante nos mediante recurso de *Revisión Judicial*, en el cual imputó al foro administrativo recurrido tres señalamientos de errores.[18]

Luego de varias incidencias procesales, el 17 de julio de 2023 el DDEC presentó su *Alegato en Oposición a Petición de Revisión Judicial*. El 18 de agosto de 2023, este tribunal, mediante *Sentencia*, desestimó el recurso de revisión por entender que era uno prematuro.[19] Sobre el mismo se expresó lo siguiente:

> "[...]determinamos que la notificación efectuada por el DDEC en el caso de autos no fue adecuada, carente de fundamentos y de las debidas advertencias de los mecanismos de revisión y sus términos, por lo cual violentó el derecho constitucional a un debido proceso de ley, impidiendo que comenzara a decursar el término para acudir ante este Tribunal de Apelaciones mediante un recurso de revisión judicial. Habiendo resuelto que el término para acudir ante nos no ha comenzado a decursar, la presentación del recurso de revisión resulta prematura y, en consecuencia, procede su desestimación por falta de jurisdicción".[20]

El 6 de octubre de 2023, el DDEC comunicó mediante un correo electrónico una segunda *Determinación Final* denegando la solicitud de Fishito Film sobre el "cash grant" solicitado para su proyecto *Forever Alone*.[21] Dicha determinación lee como sigue:

> We appreciate your interest in the Motion Picture and Video Industry in Puerto Rico Program. Unfortunately, **after consideration the Puerto Rico Film Commission in the exercise of its' discretion has determined not to approve the above mentioned**

---

[16] *Íd.*
[17] Anejo 4 del *Recurso de Revisión Administrativa*, págs. 143-147.
[18] Este recurso fue identificado con el alfanumérico KLRA202300289.
[19] Anejo 6 del *Recurso de Revisión Administrativa*, pág. 171.
[20] *Íd.*
[21] Anejo 7 del *Recurso de Revisión Administrativa*, pág. 174.

**Film Project for a cash grant under the *American Rescue Plan Act, Public Law 117-2* ("ARPA"). The proposal was not considered to meet the potential viability, marketability, and distribution criteria in comparison to other proposals evaluated. Although the proposal meets some of the criteria established by the Guidelines provided, the totality of the circumstances compared to other proposals considered did not persuade the Program in favor of its' approval.**

If interested, we will retain the proposal and should an approved project not follow through with the contractual process, we could line up for potential future consideration.

Further, you are advised that pursuant to Article 3.15 of the Uniform Administrative Procedures Act of June 30, 2017, if you are not satisfied with this decision, you can move for reconsideration within 20 days of notification, 3 L.P.R.A. § 9655. This Office can serve notice of its determination within 15 days of a reconsideration being filed. If the reconsideration is denied or no action is taken, the time period for judicial review will commence upon notice or expiration of 15 days, respectively. Should this Office consider the request, a final determination must be made and notified within 90 days. This Office can extend this period for an additional 30 days for just cause. If no determination is made, this Office will lose jurisdiction over the matter and the time period for judicial review will commence at that time. Any party not satisfied with this Office's determination can file a judicial review before the Puerto Rico Court of Appeals within 30 days of the final determination being notified. 3 L.P.R.A. § 9672.[22]

Aún inconforme con la determinación del DDEC, el 25 de octubre de 2023, Fishito Film presentó escrito en *Reconsideración* en el cual arguyó, entre otras cosas, que dicha decisión no cumplía con la *Sentencia* KLRA202300289 emitida por este Tribunal, pues no hubo una "notificación correcta" porque el DDEC obvió realizar determinaciones de hechos y conclusiones de derecho fundamentadas.[23]

Al no recibir algún tipo de comunicación por parte del DDEC y transcurrido el término establecido por ley para que las agencias consideren las mociones de reconsideración, el 11 de diciembre de

---

[22] *Íd.*
[23] Anejo 8 del *Recurso de Revisión Administrativa,* págs. 176-177.

2023 la parte recurrente acudió ante nos mediante *Recurso de Revisión Judicial,* en el cual imputó al foro administrativo recurrido los siguientes señalamientos de error:

> **Primer Error:** Erró el DDEC y su Programa de Cine, al no aprobar y otorgar fondos solicitados por la Parte Apelante para su Proyecto Fílmico "Forever Alone", a pesar de que la Parte Apelante cumplió total y cabalmente con el *"Program Guidelines"* del *"Motion Picture and Video Industry in Puerto Rico Program"* emitido por el Gobierno de Puerto Rico al amparo del *"Coronavirus State Fiscal Recovery Fund",* y que además cumplió con otros requisitos y peticiones solicitados por el DDEC para aprobar su Proyecto Fílmico.

> **Segundo Error:** Erró el DDEC y su Programa de Cine, al notificar a la Parte Apelante que no estarían aprobando fondos solicitados para su Proyecto "Forever Alone", al imponer criterios adicionales para otorgar fondos, no contemplados en ningún documento formal o informal, desconocidos a la presentación de este Recurso por la Parte Apelante al no ser comunicados de ninguna manera a éste, y ajenos a los criterios oficiales del *"Program Guidelines"* del *"Motion Picture and Video Industry in Puerto Rico Program"* emitido por el Gobierno de Puerto Rico al amparo del *"Coronavirus State Fiscal Recovery Fund".*

> **Tercer Error:** Erró el DDEC y su Programa de Cine, al notificar a la Parte Apelante que no estarían aproba[n]do fondos solicitados para su Proyecto "Forever Alone", al reconocer que aunque cumplió algunos de los requisitos emitidos por las guías para la otorgación de fondos, no detalló cuáles alegadamente no había cumplido, y además comunicó que no "persuadió" al Comité Evaluador, cuando el deber de los solicitantes era cumplir o no con los criterios establecidos y no "persuadir" al Comité Evaluador. Los criterios discrecionales y ambiguos no fueron comunicados a los solicitantes, y no se encuentran contemplados en ninguna parte del *"Program Guidelines"* del *"Motion Picture and Video Industry in Puerto Rico Program"* emitido por el Gobierno de Puerto Rico al amparo del *"Coronavirus State Fiscal Recovery Fund".*

> **Cuarto Error:** Erró el DDEC al nuevamente no emitir determinaciones de hecho, conclusiones de derecho, ni los fundamentos de su determinación a la Parte Apelante, al amparo de sus propias reglas, y en violación a la Sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, el 18 de agosto de 2023, en el caso KLRA202300289.

El 10 de enero de 2024 el DDEC presentó su *Alegato en Oposición a Solicitud de Revisión Judicial.*

Con el beneficio de la comparecencia de ambas partes, así como del examen del expediente administrativo, procedemos a resolver.

**II.**

**A.**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.CA.*, 149 DPR 263, 279-280 (1999).

En cuanto al alcance de la revisión judicial en las determinaciones administrativas, los dictámenes de los organismos administrativos merecen la mayor deferencia judicial. *Pérez López v. Depto. Corrección*, 208 DPR 656 (2022); *DACO v. Toys "R" Us*, 191 DPR 760 (2014). Véase, además, *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821, (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011); *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006); *San Vicente v. Policía de P.R.*, 142 DPR 1 (1996). Esto es así, pues, son las agencias administrativas con la vasta experiencia y el conocimiento especializado para atender los asuntos que se le encomiendan. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006). Por tal razón, el alcance de la revisión judicial a una determinación final de una agencia administrativa se limitará a "determinar si la agencia actuó arbitraria, ilegal o irrazonablemente

en abuso a su discreción". *Pérez López v. Depto. Corrección,* supra, en la pág. 673.

Sobre las determinaciones de hechos, el Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores,* supra, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors,* 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.,* citando a *Pereira Suárez v. Jta. Dir. Cond.*, supra*; Otero v. Toyota,* 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota*, supra.

En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el tribunal debe abstenerse de intervenir. *Cruz v. Administración*, 164 DPR 341, 357 (2005).

**B.**

De igual forma, se exige de la agencia una notificación correcta que es característica imprescindible del *debido proceso de ley*. El propósito que sirve la notificación es proteger el derecho de

procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso. *Mun. San Juan v. Plaza Las Américas,* supra.

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Mun. San Juan,* 140 DPR 24 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano. *Mun. San Juan v. Plaza Las Américas,* supra; *Asoc. Vec. Altamesa Este v. Mun. San Juan,* supra.

La notificación adecuada supone la advertencia de los siguientes preceptos: (1) derecho a solicitar reconsideración de la decisión tomada; (2) derecho a solicitar revisión judicial o juicio de novo, según sea el caso; y (3) los términos correspondientes para ejercitar dichos derechos. El incumplimiento con alguno de estos requisitos resulta en una notificación defectuosa, por lo que no comienzan a transcurrir los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen. *Maldonado v. Junta Planificación,* 171 DPR 46 (2007); *Asoc. Vec. Altamesa Este v. Mun. San Juan,* supra. Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa no constituye un mero requisito. *Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394 (2001).

En resumen, si una parte no es notificada de la determinación de una agencia conforme a derecho, no se le pueden oponer los términos jurisdiccionales para recurrir de la determinación. *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998 (2008). Para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto para presentar una

moción de reconsideración o un recurso de revisión ante el Tribunal Apelativo, es necesario que se haya notificado la determinación cuestionada por correo a las partes y sus abogados, a la brevedad posible, y se deberá archivar en autos copia de la orden o resolución y de la constancia de la notificación. No se podrá requerir a una parte el cumplimiento con una resolución final, a menos que haya sido notificada de la misma. Véase, Sec. 3.14 de la LPAU, 3 LPRA sec. 9654.

La Sección 3.14 de la Ley 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9654, (LPAU), en específico, dispone lo siguiente:

> Sección 3.14. — Órdenes o Resoluciones Finales.
> Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.
>
> **La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.** La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.
>
> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley. La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá

ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. […]. (Énfasis suplido).

En cuanto a la reconsideración, la Sección 3.15 de la Ley 38-2017, *supra*, 3 LPRA sec. 9655, dispone lo siguiente:

**La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.** La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. (Énfasis suplido.)

Contrario a lo dispuesto en su Sección 3.14, la Sección 3.1 de la Ley 38-2017, *supra*, 3 LPRA sec. 9641, establece lo siguiente:

[…]
**Se considerarán procedimientos informales no cuasijudiciales y, por tanto, no estarán sujetos a esta Ley**, excepto según se provee más adelante, la adjudicación de subastas, la concesión de préstamos, becas, **subsidios**, **subvenciones**, emisiones de deuda, inversiones de capital, reconocimientos o premios, y todos los trámites o etapas del proceso de evaluación de documentos ambientales requeridos por el Artículo 4(B)(3) de la Ley 416-2004, según enmendada, "Ley sobre Política Pública Ambiental" y el reglamento aprobado al amparo de ésta. **En ninguno de estos**

**procedimientos o las etapas en que éstos se dividan, se requerirá a la agencia que fundamente sus resoluciones con determinaciones de hecho y conclusiones de derecho.** El procedimiento administrativo para el trámite de documentos ambientales se regirá exclusivamente por la reglamentación adoptada por la Junta de Calidad Ambiental para estos fines. La reconsideración de las decisiones emitidas en todos estos casos se regirán por lo dispuesto en la Sección 3.15 excepto las relativas a subastas que se regirán por lo dispuesto en la Sección 3.19.[...] (Énfasis suplido).

**C.**

La Ley Núm. 27-2011, según enmendada, mejor conocida como "*Ley de Incentivos Económicos para la Industria Fílmica de Puerto Rico*", 23 LPRA sec. 11001, se aprobó a los fines de proveer en Puerto Rico un marco adecuado para el desarrollo continuo de la Industria Fílmica y de Televisión; e incentivos contributivos para atraer capital del extranjero y propiciar el desarrollo económico y bienestar social de Puerto Rico.[24] A fines de lograr lo anterior, se facultó al Departamento de Desarrollo Económico y Comercio, o DDEC, a través de la Corporación para el Desarrollo de las Artes, Ciencias e Industria Cinematográfica de Puerto Rico, a otorgar dichos incentivos.[25]

Por otro lado, los "Program Guidelines" del "Motion Picture and Video Industry in Puerto Rico" fueron publicados el 18 de octubre de 2022.[26] Este programa, en lo pertinente, busca establecer los criterios a considerar por el Departamento de Desarrollo Económico y Comercio (DDEC), en conjunto con la Autoridad de Asesoría Financiera Agencia Fiscal de Puerto Rico (AAFAF), para la concesión de "cash grants" a proyectos fílmicos que se desarrollarían en el país con los fondos asignados al amparo del "American Rescue Plan Act, Public Law 117-2 ("ARPA")". Dichos fondos tienen como nombre "Coronavirus State Fiscal Recovery

---

[24] Exposición de Motivos de la Ley Núm. 27 2011, 23 LPRA sec. 11001.
[25] *Íd.*
[26] Véase https://www.aafaf.pr.gov/wp-content/uploads/Motion-Picture-Video-Indust-Program-Guidelines.pdf

Fund" y son administrados por el Comité de Supervisión de Desembolsos (Comité).[27]

Sobre los requerimientos del DDEC en el proceso de evaluación, las guías establecen lo siguiente:

> Following the introductory e-mail, the PRFC will conduct a preliminary evaluation of the film project. Not all introductory e-mails will conclude in the opportunity to present an application. In the event that the PRFC is interested in the presented project, the PRFC will coordinate a virtual meeting for further evaluation. However, this does not represent an approval for purposes of granting this cash grant.
>
> In the event that the PRFC is not interested in the presented project, the PRFC will inform the interested project and will conclude the preliminary evaluation process. This project will be considered non-eligible for purposes of presenting an application to this cash grant.
>
> **The following questions will be considered** by the PRFC as part of the preliminary evaluation process:
>
> a. In the absence of this grant, would the film project occur in Puerto Rico?
> b. Can Puerto Rico prevail as the film destination of this Film Project compared with other considered film industry jurisdictions?
> c. How much investment, employment, hotel nights and no resident labor [will] be generated in Puerto Rico through this Film Project?
> d. Will local suppliers and services benefit from this Film Project?
> e. Will there be new services or suppliers because of this Film Project?
> f. Will any other businesses in Puerto Rico loose employment or business due to this Film Project?
> g. Will knowledge be transferred to local crew members and opportunities for professional growth be stimulated under our cinematographic industry with this Film Project?
> h. Can promotional opportunities for Puerto Rico through cast, producers and director be accomplished?
> i. Can other governmental programs be incorporated into this project?[28]

Por otro lado, sobre el proceso de aprobación, las guías establecen que **"[n]ot all meetings and/or presented applications will conclude in granting the cash grant"**.[29]

---

[27] Véase Orden Núm. 2021-034.
[28] Anejo 5 del *Recurso de Revisión Administrativa,* pág. 155.
[29] *Íd.*

**III.**

La parte aquí recurrente nos plantea que erró el DDEC y su Programa de Cine, al no aprobar y otorgar los fondos solicitados para su proyecto fílmico "Forever Alone", a pesar de haber cumplido total y cabalmente con las Guías y los requisitos requeridos. Además, la parte recurrente alega que erró el DDEC y su Programa de Cine, al denegar la solicitud de fondos, al imponer criterios adicionales, no contemplados en ningún documento formal o informal, ajenos a los criterios oficiales de las Guías. Por otro lado, alega la parte recurrente que, aunque el DDEC reconoció que cumplió con todos los requisitos emitidos por las Guías, cada miembro del Comité Evaluador podía ejercer su criterio discrecional para determinar prioridad y valor de un proyecto, sin que hubieran sido notificados los solicitantes. Debido a que los primeros tres señalamientos de errores versan sobre asuntos similares, procederemos a discutirlos en conjunto.

Debemos comenzar recordando que las determinaciones finales discrecionales de las agencias administrativas gozan de gran deferencia y su revisión se limita solamente a determinar "si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción". *Pérez López v. Depto. Corrección*, supra, en las págs. 673-674. Al tratarse el caso de marras, de un "cash grant" que es un asunto discrecional, la decisión del DDEC goza de gran deferencia judicial. *Pérez López v. Depto. Corrección*, supra, en las págs. 673-674. Esto es así, pues el DDEC y su Programa de Cine es la agencia con el *expertise* y el conocimiento especializado para determinar a quien se le debe otorgar el "cash grant".[30] *Mun. San Juan v. Plaza Las Américas*, supra, en la pág. 323. Es importante enfatizar que desde la adopción de los "Program Guidelines" del

---

[30] Anejo 5 del *Recurso de Revisión Administrativa*, págs. 148-158.

"Motion Picture and Video Industry in Puerto Rico" se les advirtió a los solicitantes lo siguiente: **"[n]ot all meetings and/or presented applications will conclude in granting the cash grant"**.[31]

Por tanto, podemos colegir de la evaluación del legajo judicial, como del expediente administrativo certificado, presentado el 23 de enero de 2024, que Fishito Film, parte recurrente, cumplió con los requisitos de documentación requerida y su propuesta estaba sujeta a la evaluación por parte del DDEC y su Programa de Cine.[32] Más, ello no garantizaba que se le otorgara la subvención en efectivo ("cash grant") toda vez que quedaba sujeta a la evaluación de la Comisión de Cine de Puerto Rico.

Por último, alega la parte recurrente que el DDEC incumplió al no emitir determinaciones de hechos, conclusiones de derecho, ni los fundamentos en su determinación final.

En cuanto al cuarto señalamiento de error, las disposiciones contenidas en la Sección 3.14 de la Ley 38-2017, *supra*, respecto al requerimiento de realizar determinaciones de hechos y conclusiones de derecho en las que se fundamentan sus decisiones en las órdenes y resoluciones finales no son de aplicación en los procedimientos donde están involucrados subsidios o subvención. Esto es así, pues, la LPAU en su Sección 3.1 de la Ley 38-2017, *supra*, 3 LPRA sec. 9641, expone que, al tratarse de procedimientos informales y no cuasi judiciales, las agencias no estarán obligadas a realizar determinaciones y conclusiones de derecho en las que fundamentan sus resoluciones. A base de lo anterior, entendemos que no le asiste la razón a la parte recurrente en su cuarto señalamiento de error, pues tratándose de un subsidio o subvención, el DDEC y su Programa de Cine no venía obligado a realizar determinaciones de hechos, conclusiones de derecho ni exponer los fundamentos para

---

[31] *Íd.* en la pág. 155.
[32] *Íd.*

su determinación, según establecido en la Sección 3.1 de la Ley 38-2017, *supra.*

Debemos señalar, además, que contrario a la primera vez que se acudió en revisión ante este foro, KLRA202300289, el DDEC y su Programa de Cine cumplió esta vez en hacer las debidas advertencias de los mecanismos de revisión y sus términos en su *Determinación Final* conforme a la Sección 3.15 de la Ley 38-2017, *supra,* 3 LPRA sec. 9655.

Por todo lo anterior, concedemos deferencia al DDEC y a su Programa de Cine en su determinación final. Debido a que no se trató de un caso donde la agencia actuó de manera ilegal, arbitraria o irrazonablemente en abuso a su discreción, procedemos a confirmar la *Determinación Final* emitida por el DDEC y su Programa de Cine pronunciada el 6 de octubre de 2023.

**IV.**

Por los fundamentos anteriormente expuestos, confirmamos el dictamen emitido por el DDEC y su Programa de Cine.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones